UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEALER SERVICES 2.0 LLC d/b/a
LOTUS ANALYTICS,

           Plaintiff,

-against-    **COMPLAINT**

POSITION INTELLIGENCE COMPANIES    Civil Case No.: 1:22-CV-1122 (GTS/ML)
CORPORATION    Date Filed:

           Defendant.

Plaintiff, Dealer Services 2.0 LLC d/b/a Lotus Analytics ("Plaintiff"), by and through its attorneys, Girvin & Ferlazzo, P.C., as and for its Complaint against Defendant Position Intelligence Companies ("Defendant"), states and alleges as follows:

**PARTIES**

1. Plaintiff is a limited liability corporation duly organized and existing under the laws of the State of New York with its principal place of business in Warrensburg, NY.

2. Defendant is a foreign business corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Woodbury, MN.

3. At all times relevant to this action, Defendant has conducted business in the State of New York and within the boundaries of the Northern District of New York.

**JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(1) insofar as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the Defendant is not a citizen of the same state as Plaintiff.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. The instant action seeks the recovery of $189,000 due and owing to Plaintiff for a loan (the "Loan") given to Defendant on October 13, 2020.

7. The Loan was provided at the request of Defendant, for the agreed upon full repayment of $189,000 by Defendant due October, 31 2020, pursuant to an agreement executed by Defendant's Co-Founders, Armin Assadi and Sam Awad on October 11, 2020 (the "Agreement") and a modification executed by Armin Assadi on October 24, 2020 (the "Modification").

8. Despite accepting the benefit of Plaintiff's Loan and receiving timely inquiries for the same by Plaintiff, Defendant has refused to tender payment, giving rise to the instant action for breach of contract.

## BACKGROUND

9. On October 13, 2020 Plaintiff wired Defendant $160,000 per their Agreement. Ex. A, Agreement.

10. Pursuant to the Agreement, Defendant agreed to pay Plaintiff $184,000 for the Loan on or before October 27, 2020. The principal of the Loan was $160,000 and the agreed upon interest was fifteen percent (15%), which was calculated to be $24,000.

11. On October 24, 2020, Defendant modified the Agreement to extend the repayment deadline to October 31, 2020 and increase the repayment amount by $5,000. Ex. B, Modification. The amount due by Defendant was then raised from $184,000 to $189,000.

12. Plaintiff promptly inquired about the repayment status by Defendant in October and November 2020.

13. Defendant never objected to or challenged Plaintiff's inquiries.

14. Despite due demand, Defendant has failed to pay its outstanding balance due of $189,000.00.

15. By reason of the foregoing, Plaintiff has been damaged by Defendant in an amount to be determined at trial, but no less than $189,000.00, plus statutory interest from the date(s) of breach, and costs.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

16. Plaintiff adopts by reference and incorporates herein the allegations set forth above.

17. On October 11, 2020, Defendant engaged Plaintiff to provide the Loan pursuant to the Agreement.

18. Defendant agreed to pay Plaintiff $184,000 for the Loan on or before October 27, 2020.

19. On October 13, 2020, Plaintiff rendered said Loan and Defendant accepted the same.

20. On October 24, 2020, Defendant informed Plaintiff payment would be late and guaranteed an additional $5,000 to Plaintiff for the Loan. At this time, Defendant's repayment totaled $189,000.

21. Nonetheless, and despite receiving multiple inquiries by Plaintiff for repayment on the Loan, Defendant has failed to pay the same.

22. Accordingly, Defendant has breached the Agreement by failing to pay Plaintiff the sum of $189,000.00.

23. By reason of the foregoing, Plaintiff has been damaged by Defendant's breach of

contract in an amount to be determined at trial, but not less than $189,000.00, together with statutory interest from the date(s) of breach, costs and such other and further relief the Court deems appropriate and necessary.

## AS AND FOR A SECOND (ALTERNATIVE) CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

24. Plaintiff adopts by reference and incorporates herein the allegations set forth in paragraphs 1 through 23 above.

25. In the alternative, Defendant is liable to Plaintiff for promissory estoppel. Defendant sufficiently and unambiguously promised to refund Plaintiff for Plaintiff's wire transfer on October 13, 2020.

26. Plaintiff's reliance on these promises were foreseeable by Defendant because Defendant is in the business of facilitating investments and money payments.

27. Defendant accepted Plaintiff's wire transfer but then refused to honor its promise of refund.

28. Injustice can be avoided only by enforcing Defendant's promise of a full refund, with interest to Plaintiff.

29. As a result of Defendant's promises to refund Plaintiff for their wire transfer, and subsequent failure to do so upon request, Plaintiff has been damaged in the amount of $189,000.

## AS AND FOR A THIRD (ALTERNATIVE) CAUSE OF ACTION FOR UNJUST ENRICHMENT

30. Plaintiff adopts by reference and incorporates herein the allegations set forth in paragraphs 1 through 23 above.

31. In the alternative, Defendant is liable to Plaintiff for unjust enrichment. As a result of Plaintiff's wire fund, Defendant was enriched by an amount of $160,000, plus $29,000 in

interest, for which Defendant failed to refund Plaintiff as originally promised. Defendant has refused Plaintiff's request for refund.

32. As a result, Defendant has been unjustly enriched at the expense of Plaintiff, to the extent of $189,000, and it is against equity and good conscience to allow Defendant to retain the benefits bestowed upon it as alleged here.

## AS AND FOR A FOURTH (ALTERNATIVE) CAUSE OF ACTION FOR MONEY HAD AND RECEIVED

33. Plaintiff adopts by reference and incorporates herein the allegations set forth in paragraphs 1 through 23 above.

34. In the alternative, Defendant is liable to Plaintiff for money had and received. Defendant received payment of money from Plaintiff from which Defendant benefited, and it is against equity and good conscience for Defendant to retain such money and benefits.

35. Upon information and belief, Defendant used the money paid by Plaintiff to further business interests of Defendant.

36. As a result, Defendant holds money that in equity and good conscience should be returned to Plaintiff in the amount of $189,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dealer Services 2.0 LLC d/b/a Lotus Analytics, demands Judgment against Defendant Position Intelligence Companies Corporation, as follows:

> A money judgment against Defendant Position Intelligence Companies Corporation for breach of contract and, in the alternative, promissory estoppel, unjust enrichment and money had and received, in an amount to be determined at trial, but not less than $189,000.00, together with costs and statutory interest.

Dated: October 31, 2022
      Albany, New York

                      Respectfully submitted,

By:_____
        Daniel S. L. Rubin, Esq.
        Girvin & Ferlazzo, PC
        *Attorneys for Plaintiff*
        20 Corporate Woods Boulevard
        Albany, New York 12211
        Tel:    518-462-0300
        Fax:   518-462-5037
        Email: dsr@girvinlaw.com